JOHNSON, Judge.
This is an appeal from a summary judgment in favor of the appellee, who was the defendant below, and will be hereinafter so referred to.
The appellant, hereinafter referred to as the plaintiff, brought suit against a person named Gann and as codefendants, a Mr. and Mrs. C. E. Miller, Sr. and Mr. and Mrs. C. E. Miller, Jr. alleging inter alia that the Millers were doing business as Miller Trucking Co., Southport, Florida; also that the defendant Gann was an agent and employee of the Millers. Gann was charged with negligent and reckless operation of a motor vehicle causing the accident in which the appellant was injured. The motor vehicle being operated by Mr. Gann at the time was the tractor portion of a big truck-tractor combination usually used in long distance hauling, which vehicle was owned by C. E. Miller, Jr., the employer of Mr. Gann.
Upon notice from the Motor Vehicle Responsibility Division of the Florida Insurance Commissioner’s Office, Mr. Gann filed regulation Form SR-21 with said Division, in which insurance was claimed by Gann as required by Florida law, by virtue of a certain insurance policy with *142 United States Fidelity & Guaranty Company, which is the same policy forming the basis for action on appeal here. This was filed on October 29, 1964, and such form or a copy thereof was forwarded to United States Fidelity & Guaranty Company’s office in Jacksonville, Florida, which was received by said office on November 2, 1964. United States Fidelity & Guaranty did not take any steps, so far as the Financial Responsibility Division was concerned to deny such coverage until May 1965, although the Florida law requires the insurance company to deny coverage within 30 days, if in fact there is no coverage or a dispute as thereto.
Gann advised United States Fidelity & Guaranty of the original suit pending against him and the Millers, and requested said company to defend same in accordance with the insurance policy in question. This was not done, as coverage was denied. This original suit appears to have resulted in a judgment in favor of the plaintiff and against Mr. Gann, personally, and not against the Millers or Miller Trucking Co. Mr. Gann then assigned his United States Fidelity & Guaranty Co. policy and all his rights thereunder to the plaintiff in an effort to satisfy said judgment.
The plaintiff then brought this action against United States Fidelity & Guaranty Company under the assignment from Gann to collect for said judgment and alleged, inter alia, that Gann had requested United States Fidelity & Guaranty to defend the original suit in which the judgment against Gann was obtained, or to settle within the terms of the policy.
The defendant, appellee herein, filed its answer and defenses at the same time it filed a motion for summary judgment. Attached to the motion for summary judgment is an affidavit of Mr. Gann giving his version of the accident, and claiming therein to have been within the scope of his employment. From this affidavit, it appears that Mr. Gann is an employee of the Millers. That he is a long distance truck driver and that during times when not on the road, he did odd jobs and ran errands for the Millers.
In the defendant’s answer filed in the present suit, the defendant claims that the plaintiff should be precluded from recovery because the plaintiff had made the allegation in this original suit against James Gann and the Millers, mentioned above, that Gann, the insured in question here, was an agent and employee of the Millers and acting within scope of such employment, and therefore came within the exclusion provision of his, Gann’s insurance policy. We pause here to point out that in such suit, the jury evidently did not believe that Mr. Gann was acting within the scope of his employment, by rendering a verdict against Mr. Gann, individually, and not against the Millers.
After interrogatories and counter-interrogatories, a motion for summary judgment was filed by the defendant, in support of which was filed an affidavit of Mr. Gann relating his activities in the use of the Miller vehicle involved in the accident, along with a copy of the complaint in the original suit against Gann, wherein the Millers were made parties defendant.
The plaintiff filed an affidavit in opposition to the motion for summary judgment wherein Mr. C. E. Miller, Jr., the owner of the vehicle in question, denied that Mr. Gann was acting within the scope of his employment at the time of the accident; nor was the vehicle one usually used by the said Mr. Gann, and reiterated that at the time of the accident, Mr. Gann definitely was not working for the Millers.
The trial court granted the defendant’s motion for summary judgment, alleging in said .order granting the same that the pleadings, depositions and affidavits showed that there was no genuine issue as to any material fact.
We cannot agree with the trial court in this finding. There was evidence that the defendant was properly notified of the original suit which resulted in the judgment *143 forming the basis of the suit from which this appeal was taken; that a jury had by its verdict determined that the party Gann, the insured, was not acting within the scope of his employment, which coupled with Mr. Miller’s affidavit to the same effect, did raise genuine issues of fact upon which reasonable men could disagree. The question of whether Mr. Gann was individually liable or whether he was really acting within the scope of his employment with the Millers at the time of the accident, being the determinative factor as to whether the accident in question came within the exclusionary provision of said policy, we think it should have been left to the jury. Therefore the trial court was in error in not permitting the case to go to a jury.
The summary judgment appealed from is therefore reversed and set aside and said case remanded for a jury trial or such further proceedings not inconsistent herewith.
WIGGINTON, C. J., and SPECTOR, J., concur.